IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v.  § | Crim. No. 1:18cr154-HSO-RHW-1 |
| § | |
| § | |
| CHRISTOPHER COLUMBUS § | |
| KENNEDY § | |

**ORDER DENYING DEFENDANT CHRISTOPHER COLUMBUS
KENNEDY'S MOTION [44] FOR COMPASSIONATE RELEASE**

**BEFORE THE COURT** is Defendant Christopher Columbus Kennedy's Motion [44] for Compassionate Release. The Court finds that the Motion [44] should be denied.

I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on November 16, 2018, Defendant Christopher Columbus Kennedy ("Defendant" or "Kennedy") pleaded guilty to Count 1 of the Information [17] in this case, which charged that Kennedy,

> having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce.
>
> In violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

Information [17] at 1.

On February 11, 2019, the Court sentenced Kennedy to a 66-month term of imprisonment followed by 3 years of supervised release. Min. Entry, Feb. 11, 2019.

Kennedy is presently incarcerated at Yazoo City Medium Federal Correctional Institution ("Yazoo Medium") in Yazoo City, Mississippi, and his anticipated release date is June 10, 2023. *See* Mot. [44] at 1; Reply [51] at 3-4. Kennedy's Motion [44] requests that his sentence be reduced and that he be released pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Mot. [44] at 1; Reply [51] at 3.

The Government opposes Kennedy's Motion, arguing that the Motion should be denied without prejudice because Kennedy has not yet exhausted his administrative remedies. *See* Resp. [46] at 1. Alternatively, if the Court reaches the merits of the Motion, the Government asserts that Kennedy has not shown that compassionate release is warranted under the statute. *See id.*

Kennedy has filed a Reply [51] arguing that he has exhausted his administrative remedies under § 3582(c)(1)(A)(i) because he submitted a request for home confinement to the Warden at Yazoo Medium on March 23, 2020, and had not received a response by the time he filed his present Motion with the Court on April 26, 2020. *Id.* (citing Def. Decl. [47] at 1-2). Because 30 days passed after his initial request was submitted without a response or action from BOP, *see* Mot. [44]; *id.*, Kennedy reasons that he has exhausted his administrative remedies, Reply [51] at 11. Kennedy further maintains that the COVID-19 pandemic warrants a reduction in his sentence based upon the "extraordinary and compelling reasons" language of § 3582(c)(1)(A), as well as the sentencing factors set forth at 18 U.S.C. § 3553(a). *Id.* at 3. He cites the conditions at Yazoo Medium during the current pandemic, along with his status as a nonviolent offender. *See id.* Kennedy claims that if released,

he would live in Petal, Mississippi, and "take appropriate precaution to avoid contracting COVID-19." *Id.* at 5 (citing Presentence Investigation Report [28] at 17).

## II.  DISCUSSION

A.   <u>Whether Defendant has exhausted his administrative remedies</u>

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment which can be modified only under limited circumstances set forth at 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states that:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)   in any case—
>    (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>       (i)   extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request *and* BOP has not

3

taken any action on it.  *United States v. Allen*, 1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020).  According to Kennedy's Declaration, he filed his request with the warden on March 23, 2020, and 30 days passed without BOP taking action on it.  Def. Decl. [47] at 1-2.  The Government has not brought forth any evidence to dispute or contradict Kennedy's sworn Declaration.  Based upon the factual record before the Court, it appears that Kennedy has exhausted his administrative remedies.

B.  <u>Whether Kennedy has identified "extraordinary and compelling circumstances" justifying his release</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The policy statement issued by the Sentencing Commission is contained in United States Sentencing Guidelines ("U.S.S.G.") §1B1.13.  *See* U.S.S.G. §1B1.13.  Under §1B1.13(1)(A), a reduction is appropriate when a court determines that extraordinary and compelling reasons warrant such a reduction, and the defendant is not a danger to the safety of any other person or the community.  *Id.*

According to Application Note 1 of §1B1.13, the following are deemed extraordinary and compelling reasons warranting a reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other

4

reasons. U.S.S.G. §1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. §1B1.13, cmt. n.1(D).

Kennedy has not directed the Court to any evidence suggesting that his release is warranted due to his medical condition, his age, his family circumstances, or any reason other than the COVID-19 pandemic. *See* Mot. [44]; Reply [51]; U.S.S.G. §1B1.13, cmt. n.1. With regard to the COVID-19 pandemic, Kennedy has not identified reasons warranting his release other than a generalized fear of contracting COVID-19 while incarcerated at Yazoo Medium. *See* Mot. [44]; Reply [51]. He suggests that his release is warranted because he is unable to take appropriate precautions at Yazoo Medium to protect himself from COVID-19 and has "no choice but to eat, bath [sic] and sleep in very close proximity to other inmates, has no access to fresh air, and has difficulty breathing because he is required to wear a mask at most times." Reply [51] at 7. These arguments are general and are not specific to Kennedy's circumstances.

Courts that have considered this question are in agreement that such generalized concerns of contracting COVID-19 are not "extraordinary and compelling reasons" justifying release. *See, e.g., United States v. Perez-Serrano*, No. CR 5:13-CV-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020); *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Ayala-Calderon*, No. 419CR00276ALMKPJ, 2020 WL

5

1812587, at *2 (E.D. Tex. Apr. 8, 2020); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020); *see also United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020). This must be the rule because if it were otherwise and courts were required to release every prisoner with a fear or risk of contracting COVID-19, the courts "would then be obligated to release every prisoner." *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020). The Court has not located any Fifth Circuit precedent on this question, but the United States Court of Appeals for the Third Circuit has cited this logic approvingly and noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds this logic persuasive and that it should apply with equal force to this case. Kennedy's generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

Because Kennedy has not demonstrated "extraordinary and compelling reasons" warranting his release, the Court may not reduce his sentence. *See* U.S.S.G. §1B1.13(1)(A).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Christopher Columbus Kennedy's Motion [44] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE